## THOMAS v. GOLDSTONE et al.

District Court, S. D. New York.
Jan. 24, 1939.

April & Eisenrod, of New York City, for plaintiff.

Moos, Nathan, Imbrey & Levine, of New York City, for defendant.

HULBERT, District Judge.

Plaintiff moves, before issue joined, for an order directing that the depositions of three witnesses be taken: (1) John T. Dwyer, and (2) Elizabeth Gormley, each residing in Norwalk, Connecticut, before Abraham Slavitt, an attorney, at his office in that city.

The affidavit upon which the notice is based states that John T. Dwyer and Elizabeth Gormley signed their names as witnesses to a partnership agreement entered into between the plaintiff and defendant's testatrix on April 3, 1925, and it is essential to examine them to prove the execution of the agreement and the power of attorney which was acknowledged before Dwyer as a Notary Public.

The defendant Goldstone is the executor under the last will and testament of Harriette E. Whelan, with whom the transactions set out in the complaint were alleged to have been had.

On Nov. 18th, 1938, the defendant applied to this court for an order to examine the plaintiff and pursuant to a stipulation entered thereon, the plaintiff has been partially examined and an adjournment was taken to Jan. 28th, 1939.

In an affidavit verified by Goldstone submitted on his application to examine the plaintiff, it is set forth that he has certain "old check books of decedent" which the plaintiff claims contain evidence relevant to the suit and it is sought to examine: (3) the defendant, before one Meyer Levy, an attorney, at his office at 521 Fifth Avenue, Borough of Manhattan, City of New York.

The defendant is willing that the depositions of the two witnesses residing in Norwalk, Connecticut, be taken if the taking of the deposition of the defendant be deferred until the examination of the plaintiff is concluded and issue joined.

■ The scope of the Rules requires their construction to secure a just, speedy, and inexpensive determination of every action. Rules of Civil Procedure for District Courts, rule 1, 28 U.S.C.A. following section 723c.

■ No substantial reason has been given to defer the examination of the defendant and the motion will be in all respects granted. Settle order.